

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NOS. WR-97,642-01 & WR-97,642-02

## EX PARTE RICHARD WADE GATLAN, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NOS. 2023R-0123-A & 2023R-0124-A
## IN THE 155TH DISTRICT COURT
## AUSTIN COUNTY

*Per curiam.*

## O P I N I O N

Applicant was convicted of attempted assault causing bodily injury to a family member with a previous conviction and assault family violence with a previous conviction and sentenced to two years' imprisonment in the state jail division of the Texas Department of Criminal Justice and twenty years imprisonment in the institutional division of the Texas Department of Criminal Justice. He filed these applications for a writ of habeas corpus in the county of

conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he was denied his right to an appeal because appellate counsel was not timely notified of his appointment, which then caused counsel to file an untimely notice of appeal and eventually ended with the court of appeals dismissing Applicant's appeals for want of jurisdiction. Based on the trial court's findings and this Court's own independent review, we agree that Applicant was denied his right to appeal through no fault of his own.

Relief is granted. *See Ex parte Riley*, 193 S.W.3d 900 (Tex. Crim. App. 2006). Applicant may file an out-of-time appeal of his convictions in cause numbers 2023R-0123 and 2023R-0124 from the 155th District Court of Austin County. Applicant appears to be represented by appellate counsel. If not, the trial court shall determine whether Applicant is indigent within ten days from the date of this Court's mandate. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him on direct appeal. Should Applicant decide to appeal, he must file a written notice of appeal in the trial court within thirty days from the date of this Court's mandate.

Copies of this opinion shall be sent to the Texas Department of Criminal

Justice–Correctional Institutions Division and the Board of Pardons and Paroles.

Delivered: July 23, 2026
Do not publish